IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VANESSA VALDEZ and JOSE CRUZ, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 1:23-CV-476-RP |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | § § § § | |
| Defendant. | § § | |

**ORDER**

Before the Court is Plaintiffs Vanessa Valdez and Jose Cruz's (collectively, "Plaintiffs") motion to remand, (Dkt. 6). Defendant State Farm Mutual Automobile Insurance Company ("State Farm") filed a response, (Dkt. 11). After considering the parties' arguments and the relevant law, the Court will deny the motion.

**I. BACKGROUND**

Before this litigation, on October 26, 2022, Plaintiff Valdez obtained a default judgment for $250,000 against Plaintiff Jose Cruz in state court for injuries she sustained in a car accident. (Def.'s Resp., Dkt. 11, at 3). As a result, on January 30, 2023, the state court entered a turnover order allowing Valdez to sue in the shoes of Jose Cruz against his insurance carrier, Clear Spring Property and Casualty Insurance Company ("Clear Spring"). (*Id.*). Following the suit against Cruz, Valdez filed her original petition against Clear Spring and her own insurance carrier, State Farm, in the 419th Judicial District Court of Travis County, Texas. (Orig. Pet., Dkt. 1-3). On April 26, 2023, Valdez amended her petition. (Am. Pet., Dkt. 1-7). In the amended petition, she seeks damages for breach of contract, attorney's fees, and damages for past and future physical pain, mental anguish, impairment, and medical expenses. (*Id.* at 5–6). Plaintiff's amended petition states that she seeks

1

"monetary relief of $250,000 or less." (*Id.* at 1–2). In addition to these compensatory damages, Plaintiff seeks a declaratory judgment that she is entitled to recover $50,000 from State Farm—the maximum amount allowed under her insurance policy. (*Id.*).

The same day Valdez filed her amended petition, State Farm filed a notice of removal. (Dkt. 1). In its notice, State Farm states that the Court has diversity jurisdiction under 28 U.S.C. §1332(a) because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. (*Id.* at 2). On May 2, 2022, Plaintiffs filed their motion to remand, asserting that the amount in controversy falls below $75,000 because the insurance policy maximum is $50,000 and is the "only remaining claim." (Mot. Remand, Dkt. 6, at 3).

On May 11, 2023, following removal, Plaintiffs filed an amended complaint against State Farm and Clear Spring. (Am. Compl., Dkt. 8). The amended complaint requests damages for physical pain and suffering from both Defendants. (*Id.*). On May 12, 2023, the Court entered an order terminating Defendant Clear Spring pursuant to a stipulation of dismissal under Rule 41(a)(1)(a)(ii). (Dkt. 9).

## II. LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Removal jurisdiction must be determined "on the basis of claims in the state court complaint as it exists at the time of removal." *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995).

The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir.

2002). To determine the amount in controversy, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. . . . The defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75],000." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Only if the defendant meets its burden must it then "appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007); *see also Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 84 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court."). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

### III. DISCUSSION

In this case, all parties agree that there is diversity of citizenship—only the amount in controversy is disputed. A court determines the amount in controversy based on the claims in the state court petition as they existed at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). A defendant may meet its burden to prove the amount in controversy in two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000; or (2) by naming facts in controversy establishing that claims exceed $75,000. *Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). If the complaint does not allege a specific damages amount, a removing defendant "must prove by a preponderance of the evidence that amount in controversy exceeds the jurisdictional amount." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351

F.3d 636, 638–39 (5th Cir. 2003) (quotation marks and citation omitted). Then a plaintiff may be entitled to remand by showing that the claims do not exceed the jurisdictional threshold to a "legal certainty." *De Aguilar*, 47 F.3d at 1411.

Plaintiffs' amended state court petition—the live pleading at the time of removal—seeks two forms of damages: (1) a declaratory judgment that State Farm must pay its policy maximum of $50,000, and (2) damages for suffering, including physical pain, mental anguish, and medical expenses, up to $250,000. (Am. Pet., Dkt. 1-7, at 2–4). Taken together, these claims for $300,000 total plainly exceed the $75,000 threshold needed for diversity jurisdiction. In their motion to remand, Plaintiffs appear to state that the $250,000 figure for damages is not actually at issue, but included only "because that is language required by Texas courts as part of Plaintiff's pleadings regarding jurisdiction." (Mot. Remand, Dkt. 6, at 3).

Plaintiffs' argument cannot defeat diversity. First, Plaintiffs include no citation or support for the notion that they are required to plead $250,000 under Texas state court rules, and this Court is unaware of any such requirement. Second, beyond this one line, Plaintiffs have not disavowed their intent to seek up to $250,000 in damages. In other words, the $250,000 claim is "in controversy," and Plaintiffs have provided no controlling statement to stop them from pursuing those damages. Finally, diversity jurisdiction must be judged "at the time of removal." *See Cavallini*, 44 F.3d at 264. Plaintiffs, however, made this argument only in their motion to remand, after the case had been removed. Even accepting Plaintiffs' statement as true, it does not affect the amount in controversy at the time the case was removed. *See Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993) (noting that a court may exercise supplemental jurisdiction when a case that is properly removed falls below the amount-in-controversy requirement).

Beyond the $300,000 that Plaintiffs seek in their complaint, it is apparent from the facts of the suit that the amount in controversy exceeds $75,000. Plaintiffs seek a $50,000 declaratory judgment. The remaining claims for physical and mental suffering exceed $25,000. These damages include: "a. Physical pain in the past and future; b. Mental anguish in the past and future; c. Physical impairment in the past and future; d. Medical expenses in the past and future." (Am. Pet., Dkt. 1-7, at 5).

These damages stem from a severe car accident, and there is no reason to think that they fall below $25,000, nor do Plaintiffs appear to suggest otherwise. Moreover, Plaintiffs' pre-suit demand letter requests $2,585,686.35 in damages, including "(1) $23,336.35 in past medical expenses; (2) [$42,350.00] in future medical expenses; (3) $60,000.00 for past pain and suffering; (4) $1,200,000.00 for future pain and suffering; (5) $60,000.00 for past lifestyle impact/loss of activities; and (6) $1,200,000.00 for future impairment." (Demand Letter, Dkt. 11-1). Using the demand letter as the basis for estimating damages, Plaintiffs' claims greatly exceed $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1254 (5th Cir. 1998) (using in part a demand letter to estimate the value of damages in controversy); *Molina v. Wal-Mart Stores Tex., L.P.*, 535 F. Supp. 2d 805, 808 (W.D. Tex. 2008) (same).

Finally, Plaintiffs seek to remand on the apparent basis that, having settled with Clear Spring, its remaining claims against State Farm are limited to $50,000. (Mot. Remand, Dkt. 6, at 3). While the motion is unclear, it appears as though Plaintiffs argue that they cannot recover more than the maximum policy limit from State Farm. (*Id.*). But Plaintiffs do not explicitly state this, so the amount at issue is not clear to a "legal certainty." *See De Aguilar*, 47 F.3d at 1412 (noting that a plaintiff must show "to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

Moreover, even if Plaintiffs did explicitly make this argument, it would fail on other grounds. First, Plaintiffs' claims against State Farm, as stated in the petition, are not limited to the $50,000 declaratory judgment but also include the far higher claims for pain and suffering. (Am. Pet., Dkt. 1-6, at 6). Indeed, Plaintiffs' amended complaint, filed against only State Farm and directly in federal court, still seeks $250,000 in compensatory damages. (Am. Compl., Dkt. 8, at 2–3). Second, Plaintiffs did not settle their claims with Clear Spring until after the case was removed (and after they filed their motion to remand). (*See* Notice, Dkt. 1; Order, Dkt. 9). Because a court must determine diversity jurisdiction at the time of removal, and Clear Spring was a party at the time, Plaintiffs' claims against Clear Spring qualify for the amount in controversy. *See Cavallini*, 44 F.3d at 264. Finally, even if Plaintiffs' claims against State Farm were limited to $50,000, the amount in controversy against Clear Spring still exceeded $25,000. Plaintiffs argue that they only settled for $16,500, and therefore the amount in controversy is limited to $66,500. (Mot. Remand, Dkt. 6, at 3). But the amount that a party eventually settles for is not necessarily the amount in controversy. Parties regularly settle for less than the total damages sought—the amount in controversy is not necessarily equivalent to the final settlement amount. While Plaintiffs' amended petition does not specify the amount of damages at issue against Clear Spring, it seeks compensation on behalf of Jose Cruz for Clear Springs's failure to represent Cruz in the preceding litigation brought against him by Valdez. Because the underlying litigation resulted in an award of $250,000 against Cruz, State Farm has shown that the amount in controversy likely exceeded $25,000, even if the settlement amount fell below that threshold.

In short, the amount in controversy exceeds $75,000. Plaintiffs explicitly state that they seek $250,000 in damages and a $50,000 declaratory judgment. And even setting aside the $250,000 in

damages, Plaintiffs' claim would still have exceeded $75,000 at the time of removal. Accordingly, the Court will deny the motion to remand.

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiffs' motion to remand, (Dkt. 6), is **DENIED**.

**SIGNED** on May 30, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE